UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO.:

Maria Maldonado,
and other similarly
situated individuals,

    Plaintiff(s),

v.

Muthana, Inc.
d/b/a La Placita Supermarket
and Zaben O. Nafal

    Defendants,
_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Maria Maldonado and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants Muthana, Inc., d/b/a La Placita Supermarket, and Zaben O. Nafal, individually,

Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid overtime wages under United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Maria Maldonado is a resident of Okeechobee County, Florida, within this Honorable Court jurisdiction and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Muthana, Inc., d/b/a La Placita Supermarket (from now on, La Placita Supermarket, or Defendant) is a Florida Profit Corporation. Defendant has a place of business in Okeechobee County within this Honorable Court Jurisdiction. Defendant La Placita Supermarket is engaged in interstate commerce.

4. The individual Defendant Zaben O. Nafal was and is now the owner/partner/officer and manager of Defendant corporation La Placita Supermarket. This individual Defendant was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]

5. All the actions raised in this Complaint took place in Okeechobee County, Florida, within this Court's jurisdiction.

<u>General Allegations</u>

6. Plaintiff Maria Maldonado brings this cause of action as a collective action to recover from Defendant overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after January 2020, (the "material time") without being adequately compensated.

7. Defendant La Placita Supermarket is a Latin supermarket and restaurant located at 1002 NW Park ST, Okeechobee, Florida 34972, where Plaintiff worked.

8. The Employer, La Placita Supermarket, was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a Latin supermarket and restaurant. Defendant had more than two employees recurrently

engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

9. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated, through their daily activities, participated in interstate commerce. Plaintiff regularly handled and worked on goods and materials produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

10. Defendants La Placita Supermarket and Zaben O. Nafal employed Plaintiff Maria Maldonado as a non-exempted, full-time employee from June 01, 2014, to approximately August 20, 2022, or more than eight years. However, for FLSA purposes, Plaintiff's relevant period of employment is 136 weeks.

11. Plaintiff had duties as a cook, and she was paid the corresponding minimum wage.

12. Plaintiff worked under the supervision of the owner of the business and manager, Zaben O. Nafal.

13. While employed by Defendants, Plaintiff had a regular schedule. She worked seven days per week. From Monday to Friday, Plaintiff worked from 4:00 AM to 2:00 PM (10 hours daily). On Saturdays and Sundays, Plaintiff worked from 4:00 AM to 10:00 PM (18 hours every day). Plaintiff worked a total of 86 hours weekly.

14. Plaintiff did not take bonafide lunchtime hours.

15. Plaintiff was paid for all her hours at her regular minimum wage rate.

16. During her employment with Defendants, Plaintiff worked in excess of 40 hours, but she was not paid for overtime hours as required by law.

17. Plaintiff clocked in and out, and Defendants were in absolute control of her schedule and activities. Defendants knew about the number of hours that Plaintiff and other similarly situated individuals were working.

18. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half her regular rate, for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

19. Plaintiff was paid weekly, without paystubs providing accurate information about the number of hours worked, wage rate paid, employee taxes withheld, etc.

20. On or about August 20, 2022, Defendants fired Plaintiff.

21. Plaintiff Maria Maldonado seeks to recover unpaid overtime wages for every hour worked over 40 during her entire employment, liquidated damages, and any other relief as allowable by law.

Collective Action Allegations

22. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

23. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

24. This action is intended to include every car wash employee and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANT

25. Plaintiff Maria Maldonadore-adopts every factual allegation stated in paragraphs 1-25 above as if set out in full herein.

26. Defendants La Placita Supermarket and Zaben O. Nafal employed Plaintiff Maria Maldonado as a non-exempted, full-time employee from June 01, 2014, to approximately August 20, 2022, or more than eight years. However, for FLSA purposes, Plaintiff's relevant period of employment is 136 weeks.

27. Plaintiff had duties as a cook, and she was paid the corresponding minimum wage.

28. While Plaintiff was employed by Defendants, she had a regular schedule. Plaintiff worked seven days per week, a total of 86 hours weekly. Plaintiff did not take bonafide lunchtime hours.

29. Plaintiff was paid for all her hours at her regular minimum wage rate.

30. During her employment with Defendants, Plaintiff worked in excess of 40 hours, but she was not paid for overtime hours as required by law.

31. Plaintiff clocked in and out, and Defendants were in absolute control of her schedule and activities. Defendants knew about the number of hours that Plaintiff and other similarly situated individuals were working.

32. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half her regular rate, for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

33. Plaintiff was paid weekly, without paystubs providing accurate information about the number of hours worked, wage rate paid, employee taxes withheld, etc.

34. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendant.  However, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

35. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

36. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

37. Plaintiff is not in possession of time and payment records, but she will provide a reasonable good-faith estimate based on her recollections and her knowledge. After discovery, Plaintiff will amend her statement of claim.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

    Twenty-Seven Thousand Nine Hundred Eighty-Eight Dollars and 00/100 ($27,988.24)

    b. <u>Calculation of such wages</u>:

    Total period of employment: more than 8 years
    Relevant weeks of employment:  136 weeks
    Number of days worked: 7 days weekly
    Total number of hours weekly: 86 hours
    Total number of unpaid O/T hours: 46 O/T hours per week

     1.- Overtime from January 09, 2020, to December 31, 2020=51 weeks

    Regular rate: $8.56 x 1.5=$12.84 an hour
    O/T rate: $12.84-$8.56 O/T rate paid= $4.28 O/T difference
    Half-time: $4.28

    Half-time $4.28 x 46 O/T hours=$196.88 weekly x 51 weeks=$10,040.88

    2.- Overtime 2021=52 weeks

    Regular rate: $8.65 x 1.5=$12.98 an hour
    O/T rate: $12.98-$8.65 O/T rate paid= $4.33 O/T difference
    Half-time: $4.33

    Half-time $4.33 x 46 O/T hours=$199.18 weekly x 52 weeks=$10,357.36

    3.- Overtime 2022=33 weeks

    Regular rate: $10.00 x 1.5=$15.00 an hour
    O/T rate: $15.00-$10.00 O/T rate paid= $5 O/T difference
    Half-time: $5.00

    Half-time $5.00 x 46 O/T hours=230.00 weekly x 33 weeks=$7,590.00

    Total #1, #2, and #3: $27,988.24

   c. <u>Nature of wages (e.g., overtime or straight time):</u>

    This amount represents unpaid half-time overtime wages.[1]

38. At all times, material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

39. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves her rights to amend the calculations.

of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

40. At times mentioned, individual Defendant Zaben O. Nafal was the owner/partner, and he directed La Placita Supermarket's operations. Defendants were the employers of Plaintiff and other similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of La Placita Supermarket concerning its employees, including Plaintiff and others similarly situated. Defendant Zaben O. Nafal had financial and operational control of the business and provided Plaintiff with her work schedule. He is jointly and severally liable for Plaintiff's damages.

41. Defendants La Placita Supermarket and Zaben O. Nafal willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half her regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant, as set forth above.

42. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action, and she is obligated to pay a reasonable attorney's fee.

Prayer for Relief

Wherefore, Plaintiff Maria Maldonado and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Maria Maldonado and other similarly situated individuals and against Defendants La Placita Supermarket and Zaben O. Nafal based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Maria Maldonado actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Maria Maldonado demands a trial by a jury of all issues triable as of right by a jury.

Date: January 30, 2023

Respectfully submitted,

By:  /s/ **Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*